■ In the Matter of RONNIE WILSON, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [695 NYS2d 756] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in three separate misbehavior reports with violating certain prison disciplinary rules while he participated in a work release program. The first of the misbehavior reports charged petitioner with taking unapproved personal loans of cash from a co-worker. At the hearing on this report, the co-worker's bank records were introduced to show several cash withdrawals over a two-month period totaling more than $13,000. Petitioner's parole officer testified that the co-worker, who was learning disabled and vulnerable, complained to the Temporary Release Committee when the loans were not repaid and that the co-worker told him how she had loaned cash to petitioner. The parole officer also testified that petitioner admitted receiving cash from the co-worker but claimed it was a gift. The co-worker's sister testified that she saw petitioner drive the co-worker to the bank on a day that one of the cash withdrawals occurred and that the co-worker admitted that she had loaned cash to petitioner to buy a car.

Despite petitioner's denial that he received money from the co-worker and the absence of any testimony from the co-worker, we reject petitioner's contention that the determination finding that he took loans from her was not supported by substantial evidence. Petitioner's denial created a question of credibility for the Hearing Officer to resolve (see, Matter of Evans v Rivera, 252 AD2d 706) and, in view of the other evidence which demonstrated the reliability of the hearsay evidence, the determination was properly based on that hearsay evidence (see, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119). Petitioner's

claim regarding the continued presence of his parole officer at the hearing was not preserved by timely objection. In any event, the record does not support petitioner's claims of prejudice, bias and lack of fairness from either the parole officer's presence or the manner in which the hearing was conducted.

The second misbehavior report charged petitioner with altering the scheduled hours and days of his work without obtaining the approval of his parole officer. Despite petitioner's claims that the hours of the job varied, the record contains substantial evidence to support the determination of petitioner's guilt. Petitioner's time sheets demonstrate that, on a number of work days, petitioner arrived late, left early or did not come to work. One of the employer's representatives testified that the changes to petitioner's schedule were not normal and another testified that the changes were not the result of lack of work but the result of petitioner's requests to alter his hours or take days off. Petitioner's parole officer testified that petitioner did not notify him of, and he did not approve, the changes in petitioner's work schedule. Petitioner's arguments of procedural errors with regard to the hearing conducted on the second misbehavior report have been considered and are found to be either unpreserved by timely objection or lacking in merit.

The third misbehavior report charged petitioner with driving on four occasions without Temporary Release Committee approval. Despite the testimony of petitioner's fiancee that she never allowed petitioner to drive the vehicles he was alleged to have driven, the determination of petitioner's guilt is supported by the testimony of other witnesses who saw petitioner driving or saw him in the driver's seat of a vehicle in his employer's parking lot. Although there was some discrepancy between the testimony of one of the witnesses regarding the time of day she saw petitioner driving and the time alleged in the misbehavior report, the witness and the author of the report explained that the times were only approximate. Contrary to petitioner's argument, the record establishes that the Hearing Officer complied with the requirements of 7 NYCRR 254.5 with regard to the witness who was requested by petitioner but was permitted to provide confidential testimony. Petitioner's remaining arguments, including his claims of bias and retaliation directed at the latter two disciplinary proceedings, are lacking in merit.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.